[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11472

Non-Argument Calendar

_____

GWENDOLYN CAMPBELL,

Plaintiff-Appellant,

*versus*

WOOD ENVIRONMENT & INFRASTRUCTURE SOLUTIONS,
INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-02365-JPB

————————————

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Gwendolyn Campbell appeals the district court order granting summary judgment to her employer, Wood Environment & Infrastructure Solutions, Inc., on her race discrimination and retaliation claims. After careful consideration, we affirm.

I.

Campbell, a Black woman, worked for Wood for several years as a project coordinator.[1] During her employment, Campbell complained multiple times to the company that her supervisor was discriminating against her based on her race. According to Campbell, after she made these complaints, the company retaliated against her.

In July 2019, Wood allowed Campbell to transfer to a different position in which she would be working on a different project, in a different office, with a new supervisor. After approximately five months in the new position, Campbell's new supervisor placed her on a performance improvement plan. The plan stated that Campbell was prohibited from making derogatory statements

---

[1] Because we write only for the parties, who are already familiar with the facts and proceedings in the case, we include only what is necessary to explain our decision.

about any person associated with any project she was working on and required her to follow a chain of command regarding client interactions. It also directed Campbell to certify that she had reviewed the company's code of conduct and harassment-free workplace procedures, as well a website that included information about conversational leadership. The plan warned Campbell that if she failed to comply with these requirements, she could be "subject to disciplinary action, up to and including termination." Doc. 29-5 at 4.[2] About two months later, Wood concluded that Campbell had failed to adhere to the requirements of the plan and terminated her employment.

Campbell then sued Wood for race discrimination and retaliation. The district court granted summary judgment to Wood. This is Campbell's appeal.

## II.

We review *de novo* a district court's grant of summary judgment, viewing all evidence and drawing all reasonable inferences in favor of the nonmoving party. *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1293 (11th Cir. 2006). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

---

[2] "Doc." numbers refer to the district court's docket entries.

III.

Campbell argues on appeal that the district court erred in granting summary judgment to Wood on her race discrimination and retaliation claims. We address each claim in turn.

A.

For the race discrimination claim, Campbell argues that she introduced sufficient evidence that Wood engaged in intentional discrimination. She argues that a reasonable jury could conclude that Wood engaged in intentional discrimination either based on the burden shifting-framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) or because she established a convincing mosaic of circumstantial evidence.

We begin with Campbell's argument that she satisfied the *McDonnell-Douglas* framework. Under this framework, a plaintiff must first establish a prima facie case. *See Lewis v. City of Union City*, 918 F.3d 1213, 1220–21 (11th Cir. 2019) (en banc). To state a prima facie case for discrimination, a plaintiff must show that (1) "she belong[ed] to a protected class," (2) "she was subjected to an adverse employment action," (3) "she was qualified to perform the job in question," and (4) the "employer treated similarly situated employees outside her class more favorably." *Id.* (internal quotation marks omitted). To meet the "similarly situated" requirement, the plaintiff and any comparator she presents must be similarly situated "in all material respects." *Id.* at 1226 (internal

quotation marks omitted). "Ordinarily," a similarly situated comparator "will have engaged in the same basic conduct (or misconduct) as the plaintiff" and "will share the plaintiff's employment or disciplinary history." *Id.* at 1227–28.

If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate, non-discriminatory basis for its employment action. *See Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 254 (1981). If the defendant meets this burden, the plaintiff has the opportunity to show by a preponderance of the evidence that the defendant's proffered reasons "were not its true reasons, but were a pretext for discrimination." *Id.* at 253.

In applying the *McDonnell-Douglas* framework, the district court concluded that Wood was entitled to summary for two independent reasons: (1) Campbell failed to establish a prima facie case because she identified no similarly situated employee who was treated more favorably, and (2) she failed to establish pretext. Because the district court provided two independent reasons supporting summary judgment on this claim, to prevail on appeal Campbell must show that each stated ground was incorrect. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

The district court's determination that Wood was entitled to summary judgment under the *McDonnell-Douglas* framework is due to be affirmed because Campbell failed to challenge on appeal the district court's determination that she failed to establish a prima facie case. On appeal, Campbell argues that she offered sufficient evidence to establish that Wood's proffered

nondiscriminatory reason for her termination was pretextual. But she never addressed the district court's alternative, independent determination that she failed to establish a prima facie case because she identified no similarly situated comparator. At best, Campbell made a brief, perfunctory reference to the issue in her opening brief when she stated that she was "held to different standards than her Caucasian colleagues." Appellant's Br. at 9. But a party forfeits an issue when she makes only "passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo*, 739 F.3d at 681; *see United States v. Campbell*, 26 F.4th 860, 873–74 (11th Cir. 2022) (en banc).

Next, we consider Campbell's argument that the district court erred in granting summary judgment on her race discrimination claim because she established a convincing mosaic of circumstantial evidence. Even when a plaintiff cannot satisfy the *McDonnell-Douglas* framework, she still may "survive summary judgment by presenting circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." *Jenkins v. Nell*, 26 F.4th 1243, 1250 (11th Cir. 2022) (internal quotation marks omitted). "A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Id.* (internal quotation marks omitted). "A plaintiff may establish a convincing mosaic by pointing to evidence that demonstrates, among other things, (1) suspicious timing, ambiguous statements, or other information

from which discriminatory intent may be inferred, (2) systematically better treatment of similarly situated employees, and (3) pretext." *Id.* (internal quotation marks omitted).

Campbell says that even if she did not meet her burden under the *McDonnell-Douglas* framework, she presented sufficient evidence to establish a convincing mosaic of discrimination. But like the *McDonnell-Douglas* issue, she failed to raise this issue adequately on appeal. In her opening brief, she devoted a total of two paragraphs to the convincing-mosaic issue. Her argument in those two paragraphs boils down to the conclusory statement that there was evidence of a convincing mosaic because she was "held to different standards than her Caucasian colleagues," she was subjected to "disparate treatment," and Wood failed "to investigate or otherwise remedy [her] ongoing complaints of race-based discrimination, retaliation, and a hostile work environment." Appellant's Br. at 9. She included no citations to the record to support her assertions about the evidence and cited no case law or other authority to support her legal position that the evidence in this case was sufficient to establish a convincing mosaic. Given the perfunctory way in which Campbell's opening brief addressed whether there was a convincing mosaic, we conclude that she has forfeited the issue. *See Sapuppo*, 739 F.3d at 681.

We acknowledge that Campbell did address the convincing mosaic issue in her reply brief when she identified both evidence and case law to support her position. But her attempt to develop this argument in her reply brief "come[s] too late." *Id.* at 683.

Even assuming Campbell adequately raised the convincing mosaic issue on appeal, however, we cannot say that the district court erred when it granted summary judgment to Wood. In her reply brief, Campbell argued that she established a convincing mosaic because she submitted evidence showing suspicious timing and that Wood's proffered justification for her termination was pretextual.[3] We are not persuaded.

First, she argues in her reply brief that there was evidence of "suspicious timing" of Wood's actions, which supports an inference that she was terminated because of her race. Reply Br. at 2. To support her position, Campbell points to three specific incidents involving her former supervisor. But she admits that her former supervisor "was not involved in the decision to terminate" her employment. *Id.* And given the gap in time between the identified incidents involving Campbell's former supervisor and her termination by the new supervisor, these incidents do not give rise to an inference of discrimination. Importantly, Campbell has identified

---

[3] As we mentioned above, another relevant factor in the convincing mosaic analysis is whether there was evidence of the "systematically better treatment of similarly situated employees" outside the plaintiff's protected class. *Jenkins*, 26 F.4th at 1250 (internal quotation marks omitted). Even assuming Campbell argued on appeal that there was evidence that other employees outside her protected class received better treatment, we agree with the district court that the evidence does not show that any of these employees were sufficiently similarly situated to Campbell.

no evidence suggesting that her new supervisor acted with an intent to discriminate against her based on her race.

Second, Campbell suggests in her reply brief that she established a convincing mosaic because Wood's stated reason for firing her—her failure to adhere to the requirements outlined in her performance improvement plan—was pretextual. Campbell argues that the evidence viewed in the light most favorable to her showed that she had not violated the terms of her performance improvement plan when she spoke with a client representative about an internal complaint Campbell had filed. Even assuming Campbell is correct that there was evidence showing she did not violate the plan in speaking with the client representative, the undisputed evidence shows she violated the performance improvement plan in other ways. She admitted that she violated the provisions in the plan that required her to review the company's code of conduct, its harassment-free workplace procedures, and a website with information about leadership. Given her admission that she violated the performance improvement plan, the record is insufficient to support an inference that Wood's stated reason for firing her—her failure to comply with the plan—was false. After fully considering the record and viewing the evidence in a light most favorable to Campbell, we conclude that she failed to establish a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination. Thus, the district court did not err in granting summary judgment to Wood on the race discrimination claim.

B.

We now address Campbell's retaliation claim. Campbell argues that the district court erred in granting summary judgment to Wood because she came forward with sufficient circumstantial evidence of retaliation to survive summary judgment under the *McDonnell-Douglas* framework. We disagree.

To establish a prima facie case of retaliation under *McDonnell Douglas*, a plaintiff must show that (1) "she engaged in statutorily protected activity," (2) "she suffered an adverse [employment] action," and (3) "the adverse action was causally related to the protected activity." *Patterson v. Ga. Pac., LLC*, 38 F.4th 1336, 1345 (11th Cir. 2022) (internal quotation marks omitted). To demonstrate a causal connection for purposes of the prima facie case, the plaintiff must show that (1) the decisionmaker knew of her protected activity and (2) the protected activity and adverse action were not wholly unrelated. *See Shannon v. Bellsouth Telecomms., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002).

Campbell argues that she satisfied the causal connection requirement because there was "less than six months" between when her new supervisor learned that she had engaged in protected activity in July 2019 and when the new supervisor placed her on a performance improvement plan in December 2019. Reply Br. at 5.

We have explained that a plaintiff may satisfy the causal connection requirement of the prima facie case "by showing close temporal proximity between statutorily protected activity and the adverse employment action." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). When the plaintiff lacks other

evidence of causation, the temporal proximity must be "very close." *Id.* (internal quotation marks omitted). We have held that, without more, a three-month gap between the plaintiff's protected activity and the adverse action is insufficient to establish a causal connection. *Id.* Here, there was a gap of approximately five months between the new supervisor learning of Campbell's protected activity and deciding to place her on the performance improvement plan. This temporal proximity, standing alone, is insufficiently close to satisfy the casual connection requirement. *See id.* Because Campbell failed to establish a prima facie case, the district court properly granted summary judgment to Wood on her retaliation claim.

## IV.

For the above reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED.**